IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

| OSCAR ERNESTO MEJIA-MARENCO, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | **ORDER** Case No. 2:09-CV-468 Judge Dee Benson |
|---|---|

This matter is before the court on petitioner Oscar Ernesto Mejia-Marenco's motion to modify his sentence pursuant to 18 U.S.C. § 3582. (*See* Dkt. No. 1.) Having reviewed Mr. Mejia-Marenco's motion and being fully apprised, the court issues the following Order.

Petitioner's Statement in Advance of Plea states,

> (a) I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any grounds whatever, except I do not waive my right to appeal a sentence (1) above the maximum penalty provided in the statutes of conviction as set forth in paragraph 2 above; (2) an upward departure above the high end of the Guideline range determined by the Court to apply to me and the facts of my case; or (3) if the Court fails to apply the two-level "fast track" reduction recommended by the government; and
>
> (b) I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except on the basis of ineffective assistance of counsel.

Statement by Defendant in Advance of Plea of Guilty, *United States v. Oscar Ernesto Mejia-Marenco*, No. 2:08-CR-280 (D. Utah July 16, 2008). Petitioner signed the Statement in Advance of Plea and acknowledged that he understood its contents. *Id.* Petitioner was sentenced to 33 months imprisonment and 36 months supervised release. Petitioner's sentence is not above the

maximum statutory penalty of 20-years. The petitioner's sentence is not an upward departure from the high end of the Guideline range determined by the court. The court did not fail to apply two-level fast track reduction. Further, the petitioner waived his right to challenge the manner in which has sentence was determined. Accordingly, the petitioner's motion to modify his sentence is DENIED.

IT IS SO ORDERED.

DATED this 18th day of March, 2010.

_____
Dee Benson
United States District Judge